JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The State of Ohio appeals from the order of the trial court that suppressed the evidence obtained against defendant Raysean Arnold. For the reasons set forth below, we affirm.
 {¶ 2} On March 8, 2007, defendant was indicted for one count of possession of less than the bulk amount of MDMA, [1] the street drug "Ecstacy." Defendant pled not guilty and moved to suppress the evidence obtained against him.
 {¶ 3} The trial court held an evidentiary hearing on the motion to suppress on May 12, 2008. The evidence indicated that on October 2, 2006, Cuyahoga County Sheriff `s Detective Anthony Matijevic was attempting to execute an arrest warrant on Calvin Martin, one of defendant's roommates. Det. Matijevic subsequently learned that defendant resided with Martin and also learned of defendant's place of employment. Det. Matijevic located defendant and asked if defendant would help find Martin. Defendant agreed. The detective informed defendant that they would use a vehicle with tinted windows and said that defendant would be patted down before being placed into the vehicle. During the pat down, the detective found two Ecstacy tablets in one of defendant's pants pockets.
 {¶ 4} According to Det. Matijevic, it is his practice to pat down individuals who are placed in police vehicles in order to ensure that they do not deposit contraband into the vehicle. *Page 4 
 {¶ 5} Defendant testified on his own behalf and stated that he agreed to help the detective find Martin. The detective then said that he was going to search him and "kinda make it like I didn't have no choice or something."
 {¶ 6} The trial court subsequently granted the motion to suppress and the state now appeals, assigning two errors for our review.
 {¶ 7} The state's assignments of error are as follows:
 {¶ 8} "Where the evidence indicates that the interaction between law enforcement personnel and an individual would qualify as a consensual encounter, the trial court [erred] in granting the motion to suppress where the basis of defendant's motion was that the events resulted in an unconstitutional seizure in violation of the Fourth Amendment and therefore evidence obtained as a result of the seizure [is] `fruit of the poisonous tree.'"
 {¶ 9} "The trial court [erred] in granting the motion to suppress when the evidence adduced at trial identified there was no unconstitutional seizure of defendant and also evidenced [sic] the consensual nature of the search."
 {¶ 10} The standard of review in this matter requires us to accept the trial court's findings of fact as true if they are supported by competent and credible evidence and to determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71.
 {¶ 11} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and *Page 5 
seizures."
 {¶ 12} An encounter is consensual, and not a seizure, where the police approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and to walk away. United States v. Mendenhall (1980), 446 U.S. 544, 554,100 S.Ct. 1870, 64 L.Ed.2d 497. An encounter rises to the level of aFourth Amendment "seizure," by contrast, when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Id. Circumstances that might indicate that a seizure has occurred, even where the person did not attempt to leave, include the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. Id.
 {¶ 13} We further note that in State v. Lozada, 92 Ohio St.3d 74,2001-Ohio-149, 748 N.E.2d 520, paragraph 2 of the syllabus, the Ohio Supreme Court held as follows:
 {¶ 14} "During a routine traffic stop, it is unreasonable for an officer to search the driver for weapons before placing him or her in a patrol car, if the sole reason for placing the driver in a patrol car during the investigation is for the convenience of the officer."
 {¶ 15} In that case, a state trooper stopped the defendant's vehicle for speeding. The trooper then told the defendant to get into the patrol car and advised the defendant that he would be patted down for weapons. The pat down revealed cocaine. The trial court denied the defendant's motion to suppress. The appellate *Page 6 
court reversed, finding that "there was no reasonable, objective basis for Officer Davies to pat-down appellant, based upon the totality of the circumstances." The Ohio Supreme Court affirmed this conclusion and stated:
 {¶ 16} "To subject a driver to such an intrusion, when the underlying reason for placing him or her in the patrol car is mere convenience, would effectively eviscerate the Terry standard without justification. * * * In this case, Trooper Davies testified that it was his practice during a traffic stop to pat down the driver and to place the driver in his patrol car during the investigation. To the extent that Trooper Davies's pat-down search of the defendant was due to this practice, the search of the defendant for weapons was unreasonable." Accord, State v.McCaulley, 161 Ohio App.3d 568, 2005-Ohio-2864, 831 N.E.2d 474 (A pat down of an individual who is to be placed inside of a police cruiser is not permitted where the individual is placed in the cruiser for the convenience of the officer).
 {¶ 17} In this case, although the encounter between defendant and Det. Matijevic began in a consensual manner, it escalated to a pat down. Further, the evidence revealed that defendant was placed in the cruiser solely for the convenience of the detective in helping him locate Martin and execute the warrant. The pat down is therefore impermissible underState v. Lozada, supra. The pat down is likewise outside the permissible limits of Terry v. Ohio (1968), 392 U.S. 1, 20, 88 S.Ct. 1868, L.Ed.2d 889, as there was no evidence that the detective reasonably concluded that criminal activity may be afoot or that he had he had a reasonable fear for his own or others' safety. Moreover, defendant testified that he did not feel free to leave and, under the circumstances, the trial court could properly *Page 7 
determine that an objective person in defendant's situation would not have felt free to leave, thus converting the encounter into a seizure. See United States v. Mendenhall, supra.
 {¶ 18} The assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] That is, methylenedioxymethamphetamine. *Page 1